**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE VANECH, | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 25-3922 (JEB)** |
| LORI CHAVEZ-DEREMER, Secretary, U.S. Department of Labor, | |
| **Defendant.** | |

**MEMORANDUM OPINION**

Plaintiff Jacqueline Vanech is a resident of Colorado and works for the U.S. Department of Labor there. She lives with typical retinitis pigmentosa, a progressive and degenerative eye condition, which led her to file two successful disability-discrimination lawsuits against her employer in the District of Colorado. Contending that DOL persists in discriminating against her, Plaintiff (for a change) filed this Rehabilitation Act suit here alleging failure to accommodate and a hostile work environment. Labor now moves to dismiss or, in the alternative, to transfer Plaintiff's action back to Colorado. As Defendant is correct that the case does not belong in the District of Columbia, the Court will grant the Motion to transfer.

I.      **Background**

Vanech lives in Colorado, where she was hired by the Department of Labor's Denver office in 2011. See ECF No. 1 (Compl.), ¶¶ 11, 21; see also Vanech v. Walsh, No. 21-2804, ECF No. 1 (2022 Compl.), ¶¶ 9–11, 61 (D. Colo. Oct. 8, 2021). According to her Complaint, she has an eye condition that makes her "extremely sensitive" to screen glare on electronic devices. See Compl., ¶¶ 17–20. As a result, when DOL hired her, Plaintiff requested various

1

accommodations including "a computer with an accessible color scheme and high-definition resolution." Id., ¶¶ 24–25.  The Department neglected to provide these accommodations, so Vanech filed her first Rehabilitation Act lawsuit in 2013.  Id., ¶¶ 26–28.  A few years later, Labor terminated Plaintiff's employment.  Id., ¶ 29.  Vanech's suit was ultimately successful, and in 2018, the U.S. District Court for the District of Colorado awarded her damages and ordered Defendant to reinstate her with reasonable accommodations.  Id., ¶¶ 30–31.

When Vanech returned to work at her job in Colorado, however, accommodations were once again not provided.  Instead, Plaintiff's supervisors left her with an "unusable" laptop that "repeatedly crashed throughout the workday."  Id., ¶ 38.  Following other alleged issues with her employment, Plaintiff initiated an Equal Employment Opportunity complaint and a second lawsuit in the District of Colorado.  Id., ¶¶ 39–46; ECF No. 15 (Opp.) at 2.  That matter settled in November 2022, with Defendant agreeing to "work with Plaintiff to identify and implement reasonable accommodations."  Compl., ¶¶ 48–50.

Vanech — still residing in Colorado — now brings renewed allegations in this court about Defendant's conduct since the settlement.  Id., ¶ 11; Opp. at 15.  Her claims center primarily on the behavior of two actors: Curtis Burney, her supervisor who works in Texas, and Samuel Rhames, the Chief of Enforcement for the Civil Rights Center (an agency within DOL) in Washington, D.C.  See Compl., ¶¶ 34, 51; Opp. at 2.  In this role, Rhames was "responsible for ensuring that Defendant complied with and implemented the reasonable accommodations" required by the 2022 settlement agreement.  See Compl., ¶ 52.

Vanech alleges that Burney and Rhames "gave her blatantly inadequate equipment, refused to resolve the inadequacies, scheduled mandatory training outside of [her] work schedule, changed her performance elements without telling her, unfairly disciplined her, and

2

otherwise subjected her to years of constant ridicule and harassment." Id., ¶ 7. Plaintiff describes, for instance, a meeting where Rhames revealed her medical issues to others in the room. Id., ¶¶ 69–75. She also complains that Burney sent inadequate equipment to her home despite her telling him that "it would be very difficult for her to bring it back to the office for the forthcoming in-office meeting." Id., ¶¶ 77–78.

Beyond the actions of Burney and Rhames, the Complaint alleges that a contract IT Specialist "angrily slapped his hand on the desk in front of Plaintiff" and yelled at her. Id., ¶ 90. It also attributes various actions to "Defendant" without specifying any particular individual. See, e.g., id., ¶ 55 ("Defendant provided Plaintiff a laptop, an iPad, and a fax/printer/scanner that did not accommodate her disability."); id., ¶ 59 (alleging that "Defendant" did not train her how to use those devices); id., ¶ 114 ("Defendant failed to issue Plaintiff's annual performance appraisal."); id., ¶ 115 ("Defendant removed Plaintiff from her position effective September 12, 2024.").

Vanech filed a formal complaint with Defendant's EEO office in May 2024, a prerequisite to the present lawsuit alleging failure to accommodate and a hostile work environment in violation of the Rehabilitation Act. Id., ¶¶ 12–15, 131. Defendant now moves for dismissal or transfer of venue.

## II.     Legal Standard

When presented with a motion to dismiss or transfer for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276–77

3

(D.D.C. 2002)).  The court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings.  Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)); see also Gianelli v. Chirkes, 377 F. Supp. 2d 49, 51 (D.D.C. 2005) ("[A] court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case."), aff'd, 204 F. App'x 24 (D.C. Cir. 2006).  "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law."  Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).  When venue is improper, the Court must dismiss the case or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## III.    Analysis

Venue in Rehabilitation Act cases is governed by Title VII's venue provisions.  See Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794a(a)(1)). Those provisions allow an action to be brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  Id.

4

Because Vanech lived, worked, and previously filed suit in Colorado, one might wonder how venue could possibly be proper in Washington.  In citing the three prongs of the venue statute, Plaintiff makes no claim that prong (2) or (3) applies.  See Opp. at 4–6.  The Court thus considers only prong (1): whether the unlawful employment practice is alleged to have occurred in this district.

Vanech's theory of venue under this prong stems entirely from the allegations that Defendant's headquarters is located in the District of Columbia and that Rhames "worked for Defendant in the District."  Compl., ¶ 10; Opp. at 4–6.  Neither allegation suffices.  As to the first, venue is not appropriate "where . . . the only real connection the lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process."  Al-Ahmed v. Chertoff, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (cleaned up); see also Hill v. Napolitano, 839 F. Supp. 2d 180, 183 (D.D.C. 2012) ("[N]aming a cabinet secretary does not alone anchor venue in the District of Columbia."); cf. Cameron v. Thornburg, 983 F.2d 253, 256 (D.C. Cir. 1993) ("Courts in [the D.C. Circuit] must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.").  Indeed, Plaintiff's Opposition arguing for venue in this district focuses on the actions of Rhames — not the agency in general.  See Opp. at 4–7.

As for Rhames, it is indeed true that he was employed in the District of Columbia, and many allegations in Plaintiff's Complaint do focus on his actions in particular.  See Compl., ¶¶ 53–54, 63–66, 69–75, 98–99.  The Complaint asserts, for instance, that Rhames repeatedly provided Plaintiff with "ineffective" laptops that did not accommodate her disability.  Id., ¶¶ 64–66, 98–99.  It also describes a phone call where Rhames yelled at Vanech, a meeting where he

5

failed to invite an Assistive Technology Specialist, and another meeting where he revealed

Plaintiff's "confidential medical information" in front of various "employees and contractors."

Id., ¶¶ 53–54, 64, 69–75.  In sum, the Complaint sets forth various allegedly unlawful

employment practices, and it claims that many of those practices were committed by someone

who was employed in this district.

Vanech's allegations nevertheless do not satisfy the requirements of prong (1).  As

Defendant correctly points out, "The Complaint nowhere describes or alleges an action taking

place in the District of Columbia."  ECF No. 18 (Reply) at 2.  Instead, "it merely alleges that one

of the actors is normally employed in the District of Columbia (but may or may not have been in

the District when the actions in question took place)."  Id.  That omission is especially glaring

given the rest of the Complaint, which attributes much of the challenged conduct to Defendant

without naming anyone and describes events that appear to have occurred in Colorado: receipt of

unusable equipment, withheld training, and a contract IT Specialist's slapping a desk in front of

her.  See Compl., ¶¶ 77–78, 90, 102–07.  The only times when the Complaint even suggests

where allegedly illegal conduct occurred, then, it seems to have been in Colorado.

Finding that Vanech cannot avail herself of any of the prongs authorizing venue, the

Court turns to whether venue is nonetheless proper under the statute's catchall provision.  See 42

U.S.C. § 2000e-5(f)(3).  This provision, which concerns the respondent's principal office, applies

only if Defendant cannot be found in Colorado, where the unlawful practices were allegedly

committed.  Because that is not the case here, venue does not lie in the District of Columbia.

Plaintiff briefly suggests that the Court should grant leave to amend the Complaint, see

Opp. at 15–17, but the Court will decline to do so in the absence of a Motion requesting leave.

Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 130 (D.C. Cir. 2012) ("[Plaintiff] failed to

comply with the law of this circuit by filing a motion for leave to amend her complaint and attaching a proposed amended complaint."). As Defendant points out, moreover, not even Plaintiff's own speculation about a potential amendment supplies an allegation of unlawful action in this city. See Reply at 2. She offers to "plead that, during the relevant period, Joe Kelly, a Labor Relations Advisor with the Office of Human Resources in Washington, D.C., advised Burney on responding to two of Plaintiff's grievances." Opp. at 16. As Defendant explains, however, this pleading "1) describes Washington, D.C.[,] as the location of an office, not an action, and 2) does not describe an unlawful employment action . . . , let alone one occurring in the District of Columbia." Reply at 2. Indeed, even if Kelly's advice somehow constituted unlawful action under the Rehabilitation Act, his mere employment at a D.C. office would not establish venue for the same reason that Rhames's employment at a D.C. office does not.

As noted above, when venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." Ellis-Smith v. Sec'y of the Army, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)). Here, Plaintiff requests the Court to transfer the matter in the event that it finds venue improper in the District of Columbia. See Opp. at 7–8. Since venue properly lies in the District of Colorado, where the allegedly unlawful employment practices were largely committed, the Court will grant Plaintiff's request.

## IV.    Conclusion

For the reasons articulated herein, the Court will issue a contemporaneous Order granting

Defendant's Motion and transferring the case to the District of Colorado.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 27, 2026